**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

NOFAR USA LLC,

Plaintiff,

v.

BAREND VENTER, VENTER VENTURES LLC, BLUE SKY 1007 LLC, and THE VENTER FAMILY REVOCABLE TRUST,

Defendants.

Case No. 1:24-cv-00870-JLH

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6) OR, IN THE ALTERNATIVE, FOR A STAY**

Michael Cypers (*pro hac vice*)
Joseph Leventhal (*pro hac vice*)
Wogai Mohmand (*pro hac vice*)
Glaser Weil Fink Howard Jordan & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
(310) 553-3000
mcypers@glaserweil.com
jleventhal@glaserweil.com
wmohmand@glaserweil.com

Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
ljones@pszjlaw.com
pkeane@pszjlaw.com

Dated: November 8, 2024

Attorneys for Defendants
Barend Venter, Venter Ventures LLC, Blue Sky 1007 LLC, and The Venter Family Revocable Trust

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Defendants Barend Venter, Venter Ventures LLC, Blue Sky 1007 LLC, and the Venter Family Revocable Trust (collectively, "Defendants") hereby request that the Court take judicial notice of Exhibits 1 to 6 attached to the Declaration of Joseph Leventhal and Exhibits 7 and 8 attached to the Declaration of Barend Venter. These declarations are made in Support of Defendants' Motion to Dismiss Plaintiff Nofar USA LLC's First Amended Complaint.

## II. ARGUMENT

The Court may take judicial notice of facts that are not subject to reasonable dispute because it either is generally known within the trial court's territorial jurisdiction or it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FRE 201.

Exhibits 1 through 4 to the Declaration of Joseph Leventhal are all documents either filed in, or from the court in, *Barend Venter, Venter Ventures LLC v. O.Y. Nofar Energy Ltd. et. al*, Case No. 24CV000715, in the Superior Court of the State of California, County of Napa. The Court may take judicial notice of public records and documents from other courts, as they are "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Evid. Code § 201(b)(2); *In re Peregrine Systems, Inc.*, 311. B.R. 679, 692 (D. Del. 2004) (acknowledging judicial notice can be taken of "matters of public record"); *see also S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("on a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."). Similarly, Exhibit 5 to the Declaration of Joseph Leventhal is from the California Secretary of State website and is a "matter of public record" for which the Court can take judicial notice. Evid. Code § 201(b)(2).

Exhibit 6 is a public report from Nofar USA LLC's parent company, O.Y. Nofar Energy Ltd. This document is judicially noticeable because it is not subject to dispute by Nofar USA LLC

and the First Amended Complaint ("FAC") states that "Plaintiff Nofar US is an indirect subsidiary of O.Y. Nofar Energy Ltd. ("Nofar Parent"), a global energy company publicly-traded in Israel." (FAC, ¶ 2.) Further, Defendants ask the Court only to take judicial notice that the contents therein are made public; not to the truth or accuracy of any of the contents therein.

Exhibits 7 and 8 are both referenced in the FAC, but are not attached to it, and are thus proper for the Court's consideration. "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference …." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). "[A] district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. [citation] However, an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quotation omitted; emphasis in original).

Nofar USA repeatedly asserts in its FAC that Venter Ventures LLC and the Venter Family Trust are "successors-in-interest" to Blue Sky 1007's interest in the MIPA. (FAC, ¶¶ 13, 14, 17, 79, 81, 102, 103.) Exhibit 7 is the agreement in which the assignment of interest in Blue Sky 1007 was made. Exhibit 8 is also referenced in the FAC as Nofar USA alleges "[o]n December 29, 2023, before the expiration of the 30-month period, Nofar US timely and properly delivered a Claim Notice to Venter and BS1007." (FAC, ¶ 38; *see also id.* ¶ 69.) The Claim Notice is also the basis on which Nofar USA claims its breach of contract (indemnification) claim against all Defendants. (FAC, at p. 29.) As such, the Court can take judicial notice of these exhibits.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant its Request for Judicial Notice.

Dated: November 8, 2024

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Fl.
P.O. Box 8705
Wilmington, DE 19899-8705
Phone: (302) 652-4100
Email: ljones@pszjlaw.com
pkeane@pszjlaw.com

-and-

Michael Cypers (*pro hac vice*)
Joseph Leventhal (*pro hac vice*)
Wogai Mohmand (*pro hac vice*)
Glaser Weil Fink Howard Jordan & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Phone: (310) 553-3000
Email: mcypers@glaserweil.com
jleventhal@glaserweil.com
wmohmand@glaserweil.com

*Attorneys for Defendants Barend Venter, Venter Ventures LLC, Blue Sky 1007 LLC, and The Venter Family Revocable Trust*