PSZJ
PACHULSKI STANG ZIEHL & JONES

LOS ANGELES
10100 SANTA MONICA BLVD. 13TH FL.
LOS ANGELES, CALIFORNIA 90067-4003
310.277.6910

NEW YORK
1700 BROADWAY, 36TH FL.
NEW YORK, NEW YORK 10019
212.561.7700

WILMINGTON
919 NORTH MARKET STREET, 17TH FLOOR,
P.O. BOX 8705
WILMINGTON, DELAWARE 19899-8705
302.652.4100

HOUSTON
700 LOUISIANA STREET, STE. 4500
HOUSTON, TEXAS 77002
713.691.9385

SAN FRANCISCO
ONE SANSOME STREET, 34TH FL. STE. 3430
SAN FRANCISCO, CALIFORNIA 94104
415.263.7000

Laura Davis Jones
302.778.6401
ljones@pszjlaw.com

August 29, 2025

**VIA CM/ECF**

The Honorable Jennifer L. Hall
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 17, Room 6312
Wilmington, DE 19801-3555

**Re: Nofar USA LLC v. Barend Venter, et al., No. 24-cv-870-JLH**

Dear Judge Hall:

We write on behalf of Defendants Barend Venter, Venter Ventures LLC, Blue Sky 1007 LLC, and The Venter Family Revocable Trust (collectively, the "Defendants") and in response to the Court's order [D.I. 37] concerning the impact, if any, of the California Supreme Court's decision in *EpicentRx, Inc. v. Superior Ct. of San Diego Cnty.*, No. S282521, 18 Cal. 5th 58, 2025 WL 2027272 (Cal. July 21, 2025) on the Defendants' pending Motion to Dismiss [D.I. 25].

In May 2024, Defendant Barend Venter sued Nofar USA (and its parent, O.Y. Nofar Energy, Ltd.) in California state court (Napa County). Nofar USA moved to dismiss the first cause of action (alleging fraud), arguing that a forum selection provision required the first cause of action be litigated in Delaware. The operative clause also contained a jury waiver. The Napa Court issued a tentative ruling on July 25, 2024 denying Nofar USA's motion because the California constitutional right to a jury trial cannot be waived by contract. Nofar USA commenced this action the same day. After oral argument on July 26, 2024, the Napa Court reversed its tentative ruling; however, the court then changed its ruling based on *The Comedy Store v. Moss Adams LLP*, 106 Cal. App. 5th 784 (2024), and stayed the first cause of action pending California Supreme Court review.

In *EpicentRx*, the California Supreme Court held that a forum selection clause is not unenforceable solely because the selected forum—such as the Delaware Court of Chancery—does not provide for a civil jury trial. That decision has little impact on the Defendants' Motion to Dismiss.

To begin with, this case involves a predispute jury waiver, a critical distinction from *EpicentRx*. The forum selection clause in *EpicentRx* did not contain a predispute jury waiver, so the express holding in that decision was narrow—a forum selection clause that identifies a jurisdiction where there is no right to a jury is not unenforceable. Indeed, the California Supreme Court was clear to recognize this distinction in its concluding comments. *See EpicentRx*, 18 Cal. 5th at 84 ("California has a strong public policy in favor of the right to a jury trial and against predispute waivers of that right. But California does not have a strong public policy against forum selection clauses or agreements to litigate in a jurisdiction that does not recognize the same civil jury trial right. The considerations surrounding each policy are distinct, and one does not necessarily follow from the other. The Court of Appeal below, and *Handoush* before it, erred by treating them as equivalents."). Thus, *EpicentRx*'s analysis of cases involving a predispute jury waiver is only a dicta discussion of procedural versus substantive rights—it was not the core holding. In fact, *EpicentRx* even remanded as to the forum selection provision to determine whether it resulted from an arm's-length transaction and did not decide "whether California's strong public policy in favor of the right to a jury trial might be relevant, in combination with other factors, to the enforceability of a forum selection clause in other contexts or under other theories." 18 Cal. 5th at 84-85. Notwithstanding *EpicentRx*'s narrow holding, Defendants' Motion to Dismiss also raises several other, independent arguments not relevant to forum selection jurisprudence that this Court can still consider, which Plaintiff acknowledges in its July 31, 2025 letter [D.I. 36].[1]

Moreover, recent events in the California action compel dismissal or staying this action. First, Nofar USA has not advised the California Court of the *EpicentRx* decision. Venter's first cause of action against Nofar USA in California remains stayed. Second, O.Y. Nofar Energy Ltd.—named as a defendant in Venter's first cause of action—has now been served in Israeli. O.Y. Nofar is not a party to the MIPA, so, unlike Nofar USA, O.Y. Nofar does not receive the benefit of the forum selection clause in the MIPA. Third, Individual Nofar USA LLC defendants on Blue Sky's management Board, named in Venter's second cause of action (derivative claim for breach of fiduciary duty) have been served in Israel and made an appearance. This second cause of action overlaps with the first cause of action. These circumstances make it more likely that a ruling in Delaware could create inconsistent decisions involving overlapping claims and parties, a result Defendants submit should be avoided by dismissing this case, or staying in favor of the California action.

Defendants are available should the Court have any questions.

---

[1] Plaintiff also suggests in its letter [D.I. 36] that *EpicentR*x disapproved *Comedy Store* as if there was a wholesale rejection of the decision, but that's wrong. *EpicentRx* disapproved *Comedy Store*, which followed *Handoush*, "to the extent it is inconsistent with this opinion." *EpicentRx*, 18 Cal. 5th at 84. Yet, even *EpicentRx* qualified its holding implicitly as narrow because it left open other arguments regarding predispute waivers of jury trial rights and the enforceability of a forum selection clause in other contexts or under other theories. *See id.* It simply is not clear that *Comedy Store* is as dead as Plaintiff believes it. Presumably, the California Supreme Court will remand the *Comedy Store* appeal as well in light of *EpicentR*x, but, as of this letter, no decision has been entered.

Very truly yours,

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)

cc: All counsel of record (via CM/ECF)