# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOFAR USA LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 24-870-JLH |
| BAREND VENTER, VENTER | ) |
| VENTURES LLC, BLUE SKY 1007 LLC, | ) |
| and THE VENTER FAMILY REVOCABLE | ) |
| TRUST, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM ORDER

Pending before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) or, in the Alternative, for a Stay. (D.I. 25.) For the reasons below, the Motion is GRANTED-IN-PART and DENIED-IN-PART.

**I.    BACKGROUND**

1.    The Court writes primarily for the parties and assumes familiarity with the First Amended Complaint. (D.I. 23 ("FAC").) On July 25, 2024, Plaintiff Nofar USA LLC filed its original Complaint against Defendants. (D.I. 1.) On October 25, 2024, Plaintiff filed its FAC, alleging claims of fraud, breach of contract (indemnification), fraudulent inducement, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, and breach of contract (confidential information). (FAC ¶¶ 78–130.) On November 8, 2024, Defendants moved to dismiss or stay. (D.I. 25–31, 33–34.)

2.    The FAC alleges that Plaintiff entered into two substantively identical Membership Interest Purchase Agreements (collectively, "MIPA") with Blue Sky Utility LLC and Blue Sky Utility Holdings LLC (collectively, "Blue Sky"). (FAC ¶¶ 2–3 & n.1; *see* FAC, Exs. 1, 2.) The

MIPA, attached as exhibits to the FAC, contain a Delaware forum selection clause. (FAC, Exs. 1, 2 § 13.2.)

## II. STANDARD OF REVIEW

3. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

## III. MOTION TO DISMISS

4. Defendants Venter Ventures LLC ("Venter Ventures") and The Venter Family Revocable Trust ("Venter Trust") argue that the claims against them should be dismissed for lack of personal jurisdiction. Defendants also argue that the FAC fails to state a claim. I take each argument in turn.

### A. Personal Jurisdiction

5.      Defendants Venter Ventures and Venter Trust argue that the claims against them should be dismissed under Rule 12(b)(2) because this Court lacks personal jurisdiction over them. They point out, and Plaintiff does not dispute, that the Delaware long-arm statute does not reach Venter Ventures, a California entity, or Venter Trust, a California trust for the benefit of a California resident. Plaintiff nevertheless argues that Venter Ventures "is estopped from arguing that it is not bound by the MIPA's dispute-resolution provision, which includes submission to personal jurisdiction in this Court," because Venter Ventures "invoked" the MIPA by suing Plaintiff in California. (D.I. 30 at 4–5.) I don't need to assess the legal merits of that argument because it rests on a faulty factual premise: the record before the Court reflects that Venter Ventures did not sue in California for breach of (or to otherwise enforce) the MIPA. (*See* D.I. 31, Ex. A ¶¶ 109–14.)

6.      As for Venter Trust, it is not a party to the California action. Plaintiff points to a brief filed in California by Defendants Venter and Venter Ventures that collectively referred to Venter and Venter Trust as "Venter." (D.I. 30 at 5–6 (citing D.I. 31, Ex. B at 2).) Defendants say that this was simply a "scrivener's error" and does not constitute consent to personal jurisdiction. (D.I. 33 at 4.) I agree.

7.      Accordingly, the claims against Defendants Venter Ventures and Venter Trust will be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.[1]

---

[1] Plaintiff alternatively requests "limited jurisdictional discovery" regarding Venter Ventures and Venter Trust. (D.I. 30 at 6.) To obtain jurisdictional discovery, Plaintiff needed to present "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)) (alteration in original). In a one-sentence argument, Plaintiff says that "the uncertainty created by Venter's conflicting statements" entitle it to jurisdictional

### B. Tort Claims

#### i. Fraud Claims

8. Defendants argue for dismissal of Plaintiff's fraud and fraudulent inducement claims (Counts I and III) on several grounds. First, Defendants argue that the claims are an improperly "bootstrapped" breach of contract claim because they are based "entirely on [D]efendants' purported refusal to indemnify [Plaintiff] under the MIPA's indemnification clause." (D.I. 26 at 8.) I disagree. In general, impermissible bootstrapping occurs when a plaintiff "simply . . . add[s] the term 'fraudulently induced' to a complaint that states a claim for breach of contract, or . . . alleg[es] that the defendant never intended to abide by the agreement at issue when the parties entered into it." *Osram Sylvania Inc. v. Townsend Ventures, LLC*, No. 8123, 2013 WL 6199554, at *16 (Del. Ch. Nov. 19, 2013). In other words, bootstrapping occurs if a plaintiff argues fraud should be inferred "based solely on an alleged pre-existing intent . . . to breach the contract." *Id.* Here, however, the FAC sufficiently pleads that the remaining Defendants made false contractual representations. (FAC ¶¶ 44–66, 78–88, 100–09.) To be clear, the fraud and breach of contract claims may have "significant overlap"; yet, the relevant inquiry here is whether Plaintiff "well-pleads that [Defendants] made a knowingly false contractual representation for the purpose of inducing reliance." *See Levy Fam. Investors, LLC v. Oars + Alps LLC*, No. 21-0129, 2022 WL 245543, at *8 (Del. Ch. Jan. 27, 2022); *see also Rheault v. Halma Holdings Inc.*, No. 23-700, 2023 WL 8005318, at *5 (D. Del. Nov. 7, 2023) (citing same). Plaintiff has.

9. Second, Defendants argue that Plaintiff's fraud claims should be dismissed because they seek the same damages as the contract claims. (D.I. 26 at 9–10.) I disagree. Under the MIPA,

---

discovery. (D.I. 30 at 6.) I disagree. Plaintiff hasn't explained how any of Defendants' statements suggest the possible existence of the requisite contacts by Venter Ventures or Venter Trust with Delaware.

4

damages for misrepresentation or breach of contract cannot exceed 100% of the "Aggregate Secondary Amount" of $6 million USD, whereas fraud claims are not limited.  (FAC, Exs. 1, 2 §§ 2.2, 7.2(e)(ii).)  In other words, Plaintiff "might be entitled to greater damages through its fraud claim than its breach of contract claim."  *Swipe Acquisition Corp. v. Krauss*, No. 19-0509, 2020 WL 5015863, at *12 (Del. Ch. Aug. 25, 2020).

10. Third, Defendants argue that the fraud claims are not pleaded with particularity, as required by Federal Rule of Civil Procedure 9(b).  *Hicks v. Boeing Co.*, No. 13-393, 2014 WL 1284904, at *6 (D. Del. Mar. 21, 2014) ("[P]laintiffs claiming fraud must allege, at a minimum, the 'who, what, when, where and how' of the events at issue, 'or otherwise inject precision or some measure of substantiation into a fraud allegation.'" (citing *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276 (3d Cir. 2006))).  The FAC satisfies that burden with respect to the allegations that the contract itself contained knowing misrepresentations.  An allegation that the contract itself contained specified factual misrepresentations that were knowingly false is all the precision that Rule 9(b) requires.  *Cf. Prairie Cap. III, L.P. v. Double E Holding Corp.*, 132 A.3d 35, 62 (Del. Ch. 2015) ("When a party sues based on a written representation in a contract . . . it is relatively easy to plead a particularized claim of fraud.  The plaintiff can readily identify who made what representations where and when, because the specific representations appear in the contract.  The plaintiff likewise can readily identify what the defendant gained, which was to induce the plaintiff to enter into the contract.  Having pointed to the representations, the plaintiff need only allege facts sufficient to support a reasonable inference that the representations were knowingly false.").

11. Last, Defendants argue that Plaintiff's fraud claims are barred by the MIPA's integration clause.  (D.I. 26 at 9 (citing FAC, Exs. 1, 2 § 13.4).)  I disagree.  For one thing, the

FAC alleges that the MIPA itself contained knowingly false statements. What's more, Delaware courts "have not given effect to so-called merger or integration clauses that do not clearly state that the parties disclaim reliance upon extra-contractual statements." *Abry Partners V, L.P. v. F & W Acquisition LLC*, 891 A.2d 1032, 1058–59 (Del. Ch. 2006). The clause at issue here does not include a clear anti-reliance provision. *See Anvil Holding Corp. v. Iron Acquisition Co., Inc.*, No. 7975, 2013 WL 2249655, at *7–8 (Del. Ch. May 17, 2013) (denying dismissal of fraud claims because the contract's integration clause—largely similar to the MIPA's § 13.4—did not reflect a clear promise to disclaim reliance upon extra-contractual statements).

12.     Defendants do not otherwise dispute that Plaintiff has pleaded the requirements for fraud and fraudulent inducement under Delaware law. *See Osram*, 2013 WL 6199554, at *13. Accordingly, Defendants' requests to dismiss the fraud and fraudulent inducement claims are denied.

### ii.     Negligent Misrepresentation Claim

13.     Defendants argue for dismissal of Plaintiff's negligent misrepresentation claim (Count IV) against Defendant Venter for largely the same reasons as for dismissal of Plaintiff's fraud claims. (*See* D.I. 26 at 8; D.I. 33 at 8–9.) Because I already determined Plaintiff has sufficiently pled its fraud and fraudulent inducement claims, I, in effect, "already have found that [Plaintiff] has pled all of the elements of negligent misrepresentation, except for the lesser scienter requirement." *See Osram*, 2013 WL 6199554, at *16. Furthermore, I determine Plaintiff has sufficiently pled Defendant Venter had a "duty to provide accurate information because he made the representations at issue in the course of a business transaction in which he had a pecuniary interest." (FAC ¶ 113.) Accordingly, I will not dismiss Plaintiff's negligent misrepresentation claim.

### C. Breach of Contract Claim (Indemnification)

14. Defendants challenge Plaintiff's breach of contract (indemnification) claim (Count II) on several grounds. First, Defendants argue that Plaintiff's claim fails because the MIPA fails to incorporate the purportedly inaccurate financial models forming the basis of the alleged misrepresentations. (D.I. 26 at 11–12.) I disagree. It is more than plausible that the MIPA does not "mere[ly] reference" the financial models—which is insufficient for incorporation, *see Town of Cheswold v. Central Del. Bus. Park*, 188 A.3d 810, 818–19 (Del. 2018)—but includes the models such that "read[ing] the [MIPA] alone, without any reference to the [Financial Models] . . . would be inappropriate," *see Vortex Infrastructure Holdco LLC v. Kane*, No. 23-0781, 2024 WL 3887117, at *4 (Del. Ch. Aug. 21, 2024) (citing *Town of Cheswold*). (*See* FAC, Exs. 1, 2 §§ 1.2(a), 3.7(g)–(h), Schedule 3.7(g).) In particular, § 3.7(g)–(h) reference the financial models listed under Schedule 3.7(g) and note that they "reflect a good faith estimate of the anticipated revenues and costs of each Project Company," and that the collected tariffs are in line with them. The FAC alleges sufficient facts to plausibly suggest "an explicit manifestation of intent" to incorporate the financial models into the MIPA. *Town of Cheswold*, 188 A.3d at 819.

15. Second, I reject Defendants' argument that the following alleged factual misrepresentations cannot support a plausible misrepresentation claim: purported electricity subscription rates above 125% when in reality the rates fell below 125%, plausibly not compliant with the MIPA's requirements under § 3.26, (*see* FAC ¶¶ 27, 55–57); financial statements plausibly not compliant with the MIPA's requirements under § 3.13(a), (c) (*see* FAC ¶¶ 58–61); and Schedule 3.13(d)'s omission of indebtedness to Bright Power Inc. ("BPi") plausibly not compliant with § 3.13(d). This is not the appropriate stage of the proceeding to "choose between

7

two differing reasonable interpretations of ambiguous provisions." *AJZN, Inc. v. Yu*, No. 13-149, 2015 WL 331937, at *7 (D. Del. Jan. 26, 2015). (*See* FAC ¶¶ 62–66).

16. Third, I reject Defendants' argument that the indemnification claim against Blue Sky 1007 must be dismissed because Plaintiff failed to deliver a "Claim Notice" to Blue Sky 1007 as required under the MIPA's § 7.3(a) to trigger indemnification. (D.I. 26 at 16 (citing FAC, Ex. 1 § 7.3(a)).) The claim notice—the contents of which are undisputed—is addressed to both Venter and Blue Sky 1007 LLC and no one disputes that it was delivered to Defendant Venter, who is the sole member of Defendant Blue Sky 1007 LLC. (D.I. 28, Ex. 8.)

### D. Implied Covenant of Good Faith and Fair Dealing Claim

17. Defendants argue for dismissal of Plaintiff's breach of the implied covenant of good faith and fair dealing claim (Count V) against Defendant Venter. (D.I. 26 at 16–17.) To state this claim, the FAC must "allege a specific implied contractual obligation, a breach of that obligation by [Defendant Venter], and resulting damage to [Plaintiff]." *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 888 (Del. Ch. 2009) (citing *Fitzgerald v. Cantor*, No. 16297, 1998 WL 842316, at *1 (Del. Ch. Nov. 10, 1998)). The FAC does so. It alleges that Plaintiff "had a reasonable expectation that Venter will not take advantage of his ownership and control of BPi—a major contractor, counterparty, and service provider—to harm Blue Sky and undermine its value," and that, "[h]ad the parties to the MIPA expressly addressed the issue, they would have agreed that Venter would not cause BPi—a company he owns and controls—to undertake actions to harm Blue Sky and undermine its value." (FAC ¶ 120.) At this stage of the proceeding, the claim can move forward.

### E. Breach of Contract Claim (Confidential Information)

18. Finally, Defendants argue for dismissal of Plaintiff's breach of contract claim (confidential information) (Count VI) because no confidential information was disclosed. (D.I. 26 at 17–18.) However, the FAC sufficiently alleges facts plausibly suggesting a breach of confidentiality under the MIPA's § 6.5 at least by disclosure of "sensitive internal dealings and processes"; "ability to compete in the marketplace and offer competitive terms to customers"; "available financing"; "hurdle rate"; and "business performance and affairs." (FAC ¶ 72; *see also* D.I. 30 at 18 (citing same).) And at least for the purportedly public information disclosed by Plaintiff's parent company (*see* D.I. 26 at 17–18 (citing D.I. 27, Ex. 6)), I determine factual disputes exist over whether such information was publicly disclosed and thus not confidential. Those disputes are not appropriate to resolve at this stage. Accordingly, the Court will not dismiss Count VI.

## IV. ALTERNATIVE REQUEST TO STAY

19. Defendants request, in the alternative, to stay this action. (D.I. 26 at 18–20.) Having considered the parties' arguments and the relevant stay factors, I determine a stay is unwarranted. In particular, granting a stay in favor of the California action would prejudice Plaintiff because the parties agreed to the forum selection clause of the MIPA submitting these claims to the Delaware courts.

For the reasons above, IT IS HEREBY ORDERED THAT:

1. Defendants' request to dismiss is GRANTED-IN-PART and DENIED-IN-PART. The claims against Venter Ventures LLC and The Venter Family Revocable Trust are DISMISSED. The case will proceed on the claims against Defendants Barend Venter and Blue Sky 1007 LLC.

    2.    Defendants' request to stay is DENIED.

Dated: February 2, 2026

                                              The Honorable Jennifer L. Hall
                                              UNITED STATES DISTRICT JUDGE