**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NOFAR USA LLC,<br><br>Plaintiff,<br><br>v.<br><br>BAREND VENTER, VENTER VENTURES LLC, BLUE SKY 1007 LLC, and THE VENTER FAMILY REVOCABLE TRUST,<br><br>Defendants, and<br><br>BAREND VENTER AND BLUE SKY 1007 LLC,<br><br>Cross-Claimants,<br><br>v.<br><br>RAN BUJANOVER,<br><br>Cross-Defendant. | Case No. 1:24-cv-00870-JLH |

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**


Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Phone: (302) 652-4100
Email: ljones@pszjlaw.com
pkeane@pszjlaw.com

-and-

Martin N. Glickfeld (CA Bar No. 95346)
100 Pine Street, Suite 1250
San Francisco, CA 94111-5235
Telephone: (415) 441-7491
Email: mglickfeld@gmail.com

*Attorneys for Defendants Barend Venter and Blue Sky 1007 LLC*

Defendants Barend Venter and Blue Sky 1007 LLC (collectively, the "Defendants")[1] hereby answer the *First Amended Complaint* ("FAC") [D.I. 23] in accordance with the numbered paragraphs thereof as follows. For the avoidance of doubt, Defendants do not consider the headings, subheadings, and footnotes in Plaintiff's FAC to be allegations to which a response is required, but to the extent a response is required, they are denied. Moreover, for the avoidance of doubt, all allegations not expressly admitted are denied.

## NATURE OF THE ACTION

1. As to paragraph 1, Denied.

2. Upon information and belief, admit the allegations in the first sentence of paragraph 2. Admit that in 2021, Nofar USA purchased a majority interest in Blue Sky. The selling parties were Blue Sky 1007, LLC and Yellow Tree Capital, LLC. The remaining allegations in paragraph 2 are denied.

3. As to paragraph 3, Defendants admit that the sale to Nofar USA, LLC was memorialized by executing a MIPA agreement in 20121. Defendants admit that the other MIPA parties were Nofar US and Blue Sky. Defendants admit that as a result of the MIPA transactions, Nofar US became the owner of 67% of Blue Sky, leaving Blue Sky 1007 and Yellow Tree with 16.5% each. The remaining allegations in paragraph 3 are denied.

4. As to paragraph 4, Denied.

5. As to paragraph 5, Denied.

6. As to paragraph 6, Denied.

7. As to paragraph 7, Denied.

---

[1] Defendants Venter Ventures LLC and The Venter Family Revocable Trust were dismissed from this action pursuant to the Court's Memorandum Order [D.I. 44] entered on February 2, 2026.

8. As to paragraph 8, Defendants respectfully refer the Court to the MIPA (as defined in the FAC) for its complete terms, conditions, and provisions. The remaining allegations in paragraph 8 are denied.

9. As to paragraph 9, to the extent a response is required to this paragraph, Defendants deny the allegations in this paragraph.

**THE PARTIES**

10. Upon information and belief, admit the allegations in paragraph 10.

11. As to paragraph 11, Admitted that (a) Venter is an individual residing at 2144 Las Amigas Rd., Napa, California 94559, (b) Venter indirectly owns a 16.5% share of Blue Sky, (c) Venter is a manager of the two Blue Sky entities, each a manager-managed California limited liability company, (d) Venter is the founder and Chairman of BPi; and (e) Venter founded Bly Sky in 2009 to develop revenue sources for BPi. The remaining allegations in paragraph 11 are denied.

12. As to paragraph 12, Admitted.

13. As to paragraph 13, Admitted that Venter Ventures LLC is the successor to Blue Sky 1007 and is a Plaintiff in the California action referenced in this paragraph, to wit, *Venter Ventures et al v Offer Yannay et al* 24-CV- 000715. The remaining allegations of this paragraph are denied.

14. As to paragraph 14, Denied

**JURISDICTION AND VENUE**

15. Defendants aver that the allegations set forth in paragraph 15 of the FAC are conclusions of law to which no response is required.

16. As to paragraph 16, Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. The remaining allegations in paragraph 16 are denied.

17. As to paragraph 17, Denied.

18. As to paragraph 18, Denied.

**FACTUAL ALLEGATIONS**

19. As to paragraph 19, Denied to the extent that interests were acquired from Venter and Bujanover personally. The remaining allegations are admitted.

20. As to paragraph 20, Admitted that Nofar USA LLC purchased an interest in Blue Sky from S1007 and Yellow Tree. Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. The remaining allegations in paragraph 20 are denied.

21. Admit that after the transaction was completed, Nofar US held 67% of Blue Sky and Venter and Bujanover indirectly held 16.5% each. The remaining allegations in paragraph 21 are denied.

22. As to paragraph 22, Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. Defendants deny the remaining allegations in paragraph 22.

23. As to paragraph 23, Denied.

24. As to paragraph 24, Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. Defendants deny the remaining allegations in paragraph 24 generally and specifically because Barend Venter made no representations.

25. As to paragraph 25, Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. Defendants deny the remaining allegations in paragraph 25 generally and specifically because Barend Venter made no representations.

26. As to paragraph 26, Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. Defendants deny the remaining allegations in paragraph 26 generally and specifically because Barend Venter made no representations.

27. As to paragraph 27, Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. Defendants deny the remaining allegations in paragraph 27 generally and specifically because Barend Venter made no representations.

28. As to paragraph 28, Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. Defendants deny the remaining allegations in paragraph 28 generally and specifically because Barend Venter made no representations.

29. As to paragraph 29, Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. Defendants deny the remaining allegations in paragraph 29 generally and specifically because Barend Venter made no representations.

30. As to paragraph 30, Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions.

31. As to paragraph 31, Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions.

32. As to paragraph 32, Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions.

33. As to paragraph 33, Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions.

34. As to paragraph 34,  Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions.

35. As to paragraph 35, Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions.  The Defendants deny the remaining allegations in this paragraph.

36. As to paragraph 36, Defendants respectfully refer the Court to the MIPA fo0r its complete terms, conditions and provisions.

37. As to paragraph 37, the Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions.  Defendants deny that a timely and/or effective notice of claim was given.

38. As to paragraph 38, Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. Defendants deny that a timely and/or effective notice of claim was given.

39. As to paragraph 39, the Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions.  The Defendants deny the remaining allegations in this paragraph.

40. As to paragraph 40, the Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions.  The Defendants deny the remaining allegations in this paragraph.

41. The Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions.

42. As to paragraph 42, Denied.

43. As to paragraph 43, Denied.

44. As to paragraph 44, Denied.

45. As to paragraph 45, Denied.

46. As to paragraph 46, Denied.

47. As to paragraph 47, Denied.

48. As to paragraph 48, Denied.

49. As to paragraph 49, Denied.

50. As to paragraph 50, Denied.

51. As to paragraph 51, Denied.

52. As to paragraph 52, Denied.

53. As to paragraph 53, Denied.

54. As to paragraph 54, Denied.

55. As to paragraph 55, Denied.

56. As to paragraph 56, Denied.

57. As to paragraph 57, Denied.

58. As to paragraph 58, Denied.

59. As to paragraph 59, Denied.

60. As to paragraph 60, Denied. The Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions.

61. As to paragraph 61, Denied.

62. As to paragraph 62, Denied.

63. As to paragraph 63, Denied.

64. As to paragraph 64, Denied.

65. As to paragraph 65, Denied.

66. As to paragraph 66, Denied.

67. As to paragraph 67, Denied.

68. As to paragraph 68, Denied.

69. As to paragraph 69, Denied.

70. As to paragraph 70, Denied.

71. As to paragraph 71, admit that on “June 26, 2024, Venter filed personal declaration [sic] in support of that lawsuit, signed by him under penalty of perjury”; the remaining allegations are Denied, Denied. Further, pursuant to the California Court’s ruling on an anti-SLAPP motion brought by Venter, Venter is not liable for any alleged wrongful activities of BPi which he is alleged to have directed.

72. As to paragraph 72, Denied. Further, pursuant to the California Court’s ruling on an anti-SLAPP motion brought by Venter, Venter is not liable for any of the alleged wrongful activities alleged in this paragraph.

73. The Defendants aver that the allegations set forth in paragraph 73 of the FAC are conclusions of law to which no response is required. The Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. To the extent a response is required, the Defendants deny the allegations.

74. The Defendants aver that the allegations set forth in paragraph 74 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

75. The Defendants aver that the allegations set forth in paragraph 75 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations generally and on the basis that Venter’s alleged use of BPi has

been determined to be non-existent and/or protected conduct, as ruled by the California court on an anti-SLAPP motion.

76. The Defendants aver that the allegations set forth in paragraph 76 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations generally and on the basis that Venter's alleged use of BPi has been determined to be non-existent and/or protected conduct, as ruled by the California court on an anti-SLAPP motion.

77. The Defendants aver that the allegations set forth in paragraph 77 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

**COUNT I: FRAUD**
**(against all Defendants)**

78. The Defendants incorporate by reference their answers to allegations in all preceding paragraphs.

79. The Defendants aver that the allegations set forth in paragraph 79 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

80. The Defendants aver that the allegations set forth in paragraph 80 of the FAC are conclusions of law to which no response is required. The Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. To the extent a response is required, the Defendants deny the allegations.

81. The Defendants aver that the allegations set forth in paragraph 81 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

82. The Defendants aver that the allegations set forth in paragraph 82 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

83. The Defendants aver that the allegations set forth in paragraph 83 of the FAC are conclusions of law to which no response is required. The Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. To the extent a response is required, the Defendants deny the allegations.

84. The Defendants aver that the allegations set forth in paragraph 84 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

85. The Defendants aver that the allegations set forth in paragraph 85 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

86. The Defendants aver that the allegations set forth in paragraph 86 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

87. The Defendants aver that the allegations set forth in paragraph 87 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

88. The Defendants aver that the allegations set forth in paragraph 88 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

**COUNT II: BREACH OF CONTRACT (INDEMNIFICATION)**
**(against all Defendants)**

89. The Defendants incorporate by reference their answers to allegations in all preceding paragraphs.

90. As to paragraph 90, Denied.

91. As to paragraph 91, Denied.

92. The Defendants aver that the allegations set forth in paragraph 92 of the FAC are conclusions of law to which no response is required. The Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. To the extent a response is required, the Defendants deny the allegations.

93. The Defendants aver that the allegations set forth in paragraph 93 of the FAC are conclusions of law to which no response is required. The Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. To the extent a response is required, the Defendants deny the allegations.

94. The Defendants aver that the allegations set forth in paragraph 94 of the FAC are conclusions of law to which no response is required. The Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. To the extent a response is required, the Defendants deny the allegations.

95. The Defendants aver that the allegations set forth in paragraph 95 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

96. The Defendants aver that the allegations set forth in paragraph 96 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

97. The Defendants aver that the allegations set forth in paragraph 97 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

98. The Defendants aver that the allegations set forth in paragraph 98 of the FAC are conclusions of law to which no response is required. The Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. To the extent a response is required, the Defendants deny the allegations.

99. The Defendants aver that the allegations set forth in paragraph 99 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

**COUNT III: FRAUDULENT INDUCEMENT**
**(against all Defendants)**

100. The Defendants incorporate by reference their answers to allegations in all preceding paragraphs.

101. The Defendants aver that the allegations set forth in paragraph 101 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

102. The Defendants aver that the allegations set forth in paragraph 102 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations. Defendants Venture Ventures LLC was dismissed from this action pursuant to the Court's Memorandum Order [D.I. 44].

103. The Defendants aver that the allegations set forth in paragraph 103 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

104. The Defendants aver that the allegations set forth in paragraph 104 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

105. The Defendants aver that the allegations set forth in paragraph 105 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

106. The Defendants aver that the allegations set forth in paragraph 106 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

107. The Defendants aver that the allegations set forth in paragraph 107 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

108. The Defendants aver that the allegations set forth in paragraph 108 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

109. The Defendants aver that the allegations set forth in paragraph 109 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

**COUNT IV: NEGLIGENT MISREPRESENTATION**
**(against Venter)**

110. The Defendants incorporate by reference their answers to allegations in all preceding paragraphs.

111. The Defendants aver that the allegations set forth in paragraph 111 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

112. The Defendants aver that the allegations set forth in paragraph 112 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

113. The Defendants aver that the allegations set forth in paragraph 113 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

114. The Defendants aver that the allegations set forth in paragraph 114 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

115. The Defendants aver that the allegations set forth in paragraph 115 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

**COUNT V: IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**(against Venter)**

116. The Defendants incorporate by reference their answers to allegations in all preceding paragraphs.

117. The Defendants aver that the allegations set forth in paragraph 117 of the FAC are conclusions of law to which no response is required. The Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. To the extent a response is required, the Defendants deny the allegations.

118. The Defendants aver that the allegations set forth in paragraph 118 of the FAC are conclusions of law to which no response is required. The Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. To the extent a response is required, the Defendants deny the allegations.

119. The Defendants aver that the allegations set forth in paragraph 119 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

120. The Defendants aver that the allegations set forth in paragraph 120 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

121. The Defendants aver that the allegations set forth in paragraph 121 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

122. The Defendants aver that the allegations set forth in paragraph 122 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

123. The Defendants aver that the allegations set forth in paragraph 123 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

**COUNT VI: BREACH OF CONTRACT (CONFIDENTIAL INFORMATION)**
**(against Venter)**

124. The Defendants incorporate by reference their answers to allegations in all preceding paragraphs.

125. The Defendants aver that the allegations set forth in paragraph 125 of the FAC are conclusions of law to which no response is required. The Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. To the extent a response is required, the Defendants deny the allegations.

126. The Defendants aver that the allegations set forth in paragraph 126 of the FAC are conclusions of law to which no response is required. The Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. To the extent a response is required, the Defendants deny the allegations.

127. The Defendants aver that the allegations set forth in paragraph 127 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

128. The Defendants aver that the allegations set forth in paragraph 128 of the FAC are conclusions of law to which no response is required. To the extent a response is required, the Defendants deny the allegations.

129. The Defendants aver that the allegations set forth in paragraph 129 of the FAC are conclusions of law to which no response is required. The Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. To the extent a response is required, the Defendants deny the allegations.

130. The Defendants aver that the allegations set forth in paragraph 130 of the FAC are conclusions of law to which no response is required. The Defendants respectfully refer the Court to the MIPA for its complete terms, conditions, and provisions. To the extent a response is required, the Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

The Defendants assert the following affirmative defenses, without accepting the burden of proof on any claim or defense where such burden would otherwise be on Plaintiff.

First Affirmative Defense

The FAC, including each of the claims and counts therein, fails to state facts sufficient to constitute a claim for relief against Defendant.

Second Affirmative Defense

Pursuant to the California Court's anti-SLAPP motion ruling in *Blue Sky v Venter*, Case #24CV002242 entered on 11/13/25, there can be no claims in the FAC based on activities of Bright Power or by attribution of those activities to Defendant Venter.

Third Affirmative Defense

The FAC, including each of the claims and counts therein, is barred in whole or in part by the doctrine of laches.

Fourth Affirmative Defense

The FAC, including each of the claims and counts therein, is barred in whole or in part by the doctrines of collateral estoppel, res judicata, equitable estoppel, judicial estoppel, and/or any other applicable estoppel or preclusion doctrines.

Fifth Affirmative Defense

The FAC, including each of the claims and counts therein, is barred in whole or in part because Plaintiff comes into court with unclean heads.

Sixth Affirmative Defense

The FAC, including each of the claims and counts therein is barred, and/or have been waived. in whole or part because the post-closing adjustment provision and process set forth in the

MIPA was and/or is the exclusive, contractually agreed remedy for the determination and/or adjudication of the claims and counts set forth in Plaintiff's complaint

Seventh Affirmative Defense

The FAC, including each of the claims and counts therein is barred and/or waived.in whole or part because failed to comply with the requirements of the post-closing adjustment provision and process set forth in the MIPA, including failure to give required notice, the giving of incorrect notices and failing to act within the time period required in the MIPA, resulting in actual prejudice.

Eighth Affirmative Defense

Any and all damages alleged and/or claimed in the FAC are the result of the acts of Plaintiff and/or the acts of third parties.

Reservation of Rights

The Defendants reserve the right to amend or add additional defenses which may become later known during the course of discovery or pretrial procedures.

Dated: March 2, 2026

*/s/ Peter J. Keane*_________________

Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Phone: (302) 652-4100
Email: ljones@pszjlaw.com
pkeane@pszjlaw.com

-and-

Martin N. Glickfeld (CA Bar No. 95346)
100 Pine Street, Suite 1250
San Francisco, CA 94111-5235
Telephone: (415) 441-7491
Email: mglickfeld@gmail.com

*Attorneys for Defendants Barend Venter and Blue Sky 1007 LLC*