**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NOFAR USA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:24-cv-00870-JLH |
| | ) | |
| BAREND VENTER and BLUE SKY 1007 LLC, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE
PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

WHEREAS Plaintiff Nofar USA LLC ("Plaintiff") and Defendants Barend Venter and Blue Sky 1007 LLC (collectively, "Defendants" and, together with Plaintiff, the "Parties" and each a "Party") believe that discovery in this action will necessarily involve the production of confidential and sensitive commercial, financial, or business information, and that the disclosure and distribution thereof should be reasonably restricted to facilitate the pre-trial exchange of potentially relevant information; and

WHEREAS the Parties have conferred in good faith and have agreed upon the terms of this Stipulation and Proposed Protective Order (the "Protective Order");

IT IS HEREBY STIPULATED AND AGREED by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the Parties, along with their representatives, agents, experts, and consultants, shall be entitled to the benefits of and adhere to the following terms regarding documents, data, deposition testimony, and other information and tangible items that are produced, made available for inspection, disclosed, or filed in this action:

1.      All documents and information produced in this action by any Party or non-Party herein shall be used solely for the purpose of this litigation (*i.e.*, to assert in Court or defend in Court against claims based upon the subject matter of this action) and not for any business, commercial, competitive, personal, publicity, or other purpose; provided, however, that the foregoing shall not apply to discovery material that is or becomes part of the public record.

2.      Discovery materials produced herein as "Confidential" shall be entitled to the additional protections set forth below.

3.      All material produced by the Parties or non-Parties (hereinafter, the "Producing Entity") in the course of discovery proceedings in this action and designated "Confidential" shall not be used or disclosed in any manner or to any persons except as expressly permitted hereunder.

4.      A Producing Entity may designate as "Confidential" any document or other material believed in good faith to contain, reflect, or comment upon confidential, trade secret, proprietary, or commercially sensitive business or financial information, or any medical or non-public personal information.

5.      "Confidential Information" as used herein shall refer to any material designated "Confidential" (including, without limitation, documents, deposition testimony, transcripts, and video/audio recordings), and all copies or extracts thereof, and shall also refer to the information contained therein.  Materials shall be designated "Confidential" in the following manner:

a.      In the case of documents and other materials apart from depositions or other pretrial testimony, by written notice that the documents are designated as "Confidential" or by stamping or otherwise marking "Confidential" on each page of the material in a manner that will not interfere with its legibility;

b.     In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within ten (10) business days of the deposition or other pretrial testimony, in which case the reporter and all counsel receiving notice of the designation shall be responsible for marking the copies of the transcript in their possession or under their control as directed by the designating party.

6.     Confidential Information shall not be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to any person or entity other than the following:

a.     The Parties and the employees, agents, or affiliates thereof, who are assisting with or making decisions concerning this action, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the action for use in accordance with this Protective Order;

b.     Counsel who represent Parties in this action, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting in the prosecution or defense of the action for use in accordance with this Protective Order;

c.     Persons retained by a Party or outside counsel to serve as expert witnesses or consultants in connection with this action, provided that such persons have signed the declaration in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms;

d.     Outside vendors providing services necessary to the prosecution or defense of the action, provided such persons have signed the declaration in the form annexed hereto

3

attesting to the fact that they have read this Protective Order and agree to be bound by its terms;

e.      The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this action or any appeal therefrom;

f.      The author or recipient of the information; or

g.      A non-party witness in the course of a deposition or in preparation for a deposition, provided that the witness has signed the declaration in the form annexed hereto attesting to the fact that he or she has read the Protective Order and agrees to be bound by its terms, and/or confirmed their understanding and agreement to abide by the terms of this Protective Order by making such a statement on the record;

h.      Any Party's insurance provider or the insurance provider's employees, attorneys, or agents to the extent required for purposes related to the defense or prosecution of this action, provided that such persons have signed the declaration in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms.

7.      Notwithstanding Paragraph 6(c) above, Confidential Information may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this action, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any Party or any competitor or potential transaction counterparty of any party, as far as the expert or consultant can reasonably determine, and (ii) is using said Confidential Information solely in connection with this action.

8.      Where disclosure of Confidential Information to experts, consultants, vendors,

witnesses, or insurance providers is permitted herein (provided such persons have signed the declaration in the form annexed hereto), it shall be the obligation of the Party making such disclosure to obtain the required declaration in advance of the disclosure and to retain the original, executed copy thereof.

9.      Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order and notify the non-party that the protections of this Protective Order are available to such non-party.  Confidential Information produced by third parties voluntarily or in response to discovery requests may be governed by the terms of this Protective Order provided the third party expressly invokes the protections herein and labels or designates information accordingly.

10.      Counsel shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any privileged or Confidential Information.  Persons having access hereunder to Confidential Information shall use it only for purposes directly related to this action, including appeals, and not for any other litigation or proceeding or for any business, commercial, competitive, personal, publicity, or other purpose.  Photocopies of documents containing such information shall be made only to the extent necessary to facilitate the permitted uses hereunder.

11.      Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court that discloses, summarizes, describes, characterizes or otherwise communicates Confidential Information must be filed with the Court under seal in accordance with Paragraph 4 of the Scheduling Order entered in this action (D.I. 49) and section G of the Court's Administrative Procedures Governing Filing and Service by Electronic Means.  The documents delivered to the Clerk to be filed under seal shall be enclosed in a sealed envelope.  The outside of the sealed envelope shall state and include:

a.      the caption of this case, including the case number;

b.      the title of the enclosed document;

c.      the name of the Party or third party entity filing the document (if the filing entity is not of record in the case, also include a contact name, telephone number, and e-mail address); and

d.      the following legend:

CONTAINS CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER:   This envelope is sealed pursuant to court order and contains confidential information.  The contents of this envelope must not be shown to any person except as authorized by the Protective Order in this action.

12.     All materials filed pursuant to Paragraph 11 shall be released from confidential treatment by the Clerk of Court only upon further order of this Court or stipulation of the designating party.

13.     In the event that any Party disagrees with the designation of any document or materials as "Confidential," the objecting Party or its counsel shall advise the designating party or its counsel in writing of the objection and identify the document or material with sufficient specificity to permit the other to identify it.  Within five (5) business days of receiving this written objection, the designating party shall advise whether the "Confidential" designation will be removed.  If the appropriate designation cannot be resolved, then the dispute may be presented to the Court in accordance with Paragraph 7(G) of the Scheduling Order (D.I. 49).  During the pendency of any such dispute, the designated document or material shall continue to be treated as Confidential Information, subject to the provisions of this Protective Order.

14.     Material may be designated "Confidential" at any time after it has been produced. A Producing Entity may notify the requesting party that documents or materials that should have been withheld as privileged or designated as "Confidential" were inadvertently produced or produced without the appropriate designation.  Upon receiving such notice, the requesting party

shall (a) immediately treat the document as if it had been so designated; (b) place the appropriate designation on the document within two (2) business days of receipt of such notice; and (c) with respect to allegedly privileged documents, return all copies thereof unless there is a good faith basis upon which to challenge the invocation of privilege, in which case the receiving party may retain no more than a single copy thereof for the sole purpose of seeking, within a reasonable time and through an in camera review or other means designed to preserve the privilege pending a ruling, to have the Court determine whether a privilege properly attaches to the document. The inadvertent production of any privileged or Confidential Information shall be without prejudice to any claim that such material is privileged or protected from disclosure, and the Producing Entity shall not be held to have waived any rights by such inadvertent production.

15.     Entering into this Protective Order, agreeing to and/or producing or receiving discovery material, or otherwise complying with the terms of this Protective Order, shall not:

a.     Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information its considers not subject to discovery;

b.     Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any discovery materials;

c.     Operate as an admission by any Party that any particular discovery material constitutes Confidential Information;

d.     Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Information, or (ii) seek a determination by the Court whether any Confidential Information should be subject to the terms of this Protective Order;

e. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular discovery material;

f. Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

g. Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

h. Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

16. This Protective Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own discovery material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own discovery material; or (ii) impose any restrictions on the use or disclosure by a person of documents, materials, or information designated as Confidential Information obtained lawfully by such person independently of the discovery proceedings in this action, and not otherwise subject to confidentiality restrictions.

17. Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including the exhaustion of all possible appeals, all persons having received Confidential Information shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Information, and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing

8

Confidential Information), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Information) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law.

18.    Other Proceedings.  By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's information designated "Confidential" pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

19.    The provisions of this Protective Order and the obligation to retain the confidentiality of the Confidential Information produced hereunder, absent written permission or further Order of the Court, shall survive and continue to be binding after the conclusion of this action.  This Court shall retain jurisdiction over the parties to the extent necessary to enforce said obligation, and the Court reserves its inherent power to modify the terms of this agreement and permit the disclosure of information where the interests of justice so require.

Dated:  May 6, 2026

OF COUNSEL:

Michael B. Carlinsky
Yehuda Goor
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, New York 10016
(212) 849-7000
michaelcarlinsky@quinnemanuel.com
yehudagoor@quinnemanuel.com

David M. Grable
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
(213) 443-3000
davegrable@quinnemanuel.com

  /s/  Michael A. Barlow
Michael A. Barlow (#3928)
Veronica B. Bartholomew (#6224)
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
500 Delaware Avenue, Suite 220
Wilmington, Delaware 19801
(302) 302-4000
michaelbarlow@quinnemanuel.com
veronicabartholomew@quinnemanuel.com

*Attorneys for Plaintiff Nofar USA LLC*

OF COUNSEL:

Martin N. Glickfeld (CA Bar No. 95346)
PACHULSKI STANG ZIEHL & JONES LLP
100 Pine Street, Suite 1250
San Francisco, CA  94111-5235
Telephone:  (415) 441-7491
Email: mglickfeld@gmail.com

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Phone: (302) 652-4100
Email:  ljones@pszjlaw.com
        pkeane@pszjlaw.com

*Attorneys for Defendants Barend Venter and
Blue Sky 1007 LLC*

     SO ORDERED this __6th__ day of May, 2026.

          The Honorable Jennifer L. Hall
          United States District Court Judge

10